UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NICHOLAS MARTELLO,              )
                               )
            Plaintiff,          )
                               )      CIVIL ACTION NO.
v.                             )      13-13089-DPW
                               )
UNITED STATES OF AMERICA,       )
                               )
            Defendant.          )


MEMORANDUM AND ORDER
September 25, 2015

A former prisoner filed this lawsuit against the Federal
Bureau of Prisons, a federal employee and other unknown
defendants pursuant to the Federal Tort Claims Act. I granted
the motion to substitute the United States for the named
defendants as the proper party.  The United States has now moved
to dismiss the case for inadequate service of process pursuant
to Fed. R. Civ. P. 12(b)(5).

## I. BACKGROUND

Plaintiff Nicholas Martello, who had earlier been convicted
of federal drug charges, was returned to the custody of the
Federal Bureau of Prisons (the "BOP") on February 9, 2012 for
violation of his conditions of supervised release.

Before his 2012 incarceration, while not in custody, Mr.
Martello underwent surgery to repair his left patella tendon,

which involved the implantation of orthopedic hardware (a wire). During his subsequent incarceration, he complained that the wire holding the tendon snapped and he was in "unbearable pain."  In May 2012, he was transferred to the Federal Correctional Institution in Otisville ("Otisville") where he was eventually examined by Dr. Diane Sommer.  On September 25 and October 9, 2012, X-ray evaluations confirmed that the hardware had failed. The wire was successfully removed on December 7, 2012.  Mr. Martello stayed at Otisville until January 22, 2013, at which time he was released from BOP custody.

Mr. Martello filed an administrative tort claim received by the Northeast Regional Office of the BOP on December 5, 2012. He alleged that employees of the BOP were negligent in failing to address his medical needs.  He sought damages in the amount of $10,000.  The claim was denied on June 4, 2013.  Upon this denial, Mr. Martello had the right to file a suit regarding his claim in an appropriate court within six months of the date of the response. *See* 28 C.F.R. § 543.32 (g).

Mr. Martello did not exercise this right until December 4, 2013, the last day before the six months limitation period expired.  He brought this action pursuant to the Federal Tort Claims Act, claiming that he received inadequate medical care during this incarceration.  Specifically, he alleged four claims: Count I against the BOP for negligence; Count II against

2

Dr. Sommer for negligence; Count III against Dr. Sommer for violations of his civil rights; and Count IV against unknown defendants for negligence.

Mr. Martello served his complaint via Certified Mail on the Federal Bureau of Prisons in Washington, D.C. on February 3, 2014 and on Dr. Sommer on February 4, 2014.  He served the United States Attorney's Office on April 29, 2014.  He did not serve the Attorney General with this original complaint.

On June 24, 2014, the defendants moved to substitute the United States as the proper defendant to plaintiff's negligence claims.  While that motion was pending, defendants also moved to transfer the case to the Southern District of New York.  On December 1, 2014, I denied the motion to transfer but granted the motion to substitute the United States as the proper party for Count I and Count II.  On February 24, 2015, I dismissed Count III pursuant to the parties' stipulation of dismissal.[1]

On February 2, 2015, over a year after Mr. Martello initiated this litigation, the government moved to dismiss for insufficient service of process with respect to Count I and Count II pursuant to Fed. R. Civ. P. 12(b)(5).  Mr. Martello filed his opposition on February 23, 2015, contending that he

---

[1] As a matter of formality, it should be made explicit that Count IV against unknown defendants should have been dismissed as well.  I will do so in connection with this Memorandum and Order.

timely served the United States after it became a party to the suit.

He again served the United States Attorney's Office via certified mail on March 12, 2015.  The Office of Attorney General was served for the first time on March 17, 2015 by certified mail.

## II. LEGAL STANDARD

This motion to dismiss for insufficient service of process implicates four different rules that govern service of process in this Court.

**Fed. R. Civ. P. 4(i)** concerns service of process on the United States and its agencies, corporations, officers or employees. The rule provides, in pertinent part:

> (1) **United States**. To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) **Agency; Corporation; Officer or Employee Sued in an Official Capacity**. To serve a United States agency or corporation, or a United States officer or employee sued

4

only in an official capacity, a party must serve the
United States and also send a copy of the summons and of
the complaint by registered or certified mail to the
agency, corporation, officer, or employee . . .
(4) **Extending Time.** The court must allow a party a
reasonable time to cure its failure to:
        (A) serve a person required to be served under Rule
4(i)(2), if the party has served either the United States
attorney or the Attorney General of the United States;
. . .

The timing of service of process is governed by **Fed. R.
Civ. P. 4(m)**, which states, in relevant part:

If a defendant is not served within 120 days after the
complaint is filed, the court--on motion or on its own
after notice to the plaintiff--must dismiss the action
without prejudice against that defendant or order that
service be made within a specified time. But if the
plaintiff shows good cause for the failure, the court
must extend the time for service for an appropriate
period.

**Fed. R. Civ. P. 6(b)** provides general guidance regarding

extensions of time for any act which "may or must be done within

a specified time."  It allows the court to extend the time for

good cause "on motion made after the time has expired if the

party failed to act because of excusable neglect." *Id.*

Finally, **Local Rule 4.1** also addresses the issue of

extension of time for service of process. It states, in relevant

part:

(b) Counsel and parties appearing pro se who seek to
show good cause for the failure to make service within
the 120 day period prescribed by Fed. R. Civ. P. 4(m)
shall do so by filing a motion for enlargement of time
under Fed. R. Civ. P. 6(b) together with a supporting
affidavit. If on the 14th day following the expiration
of the 120 day period good cause has not been shown as

provided herein, the clerk shall forthwith
automatically enter an order of dismissal for failure
to effect service of process, without awaiting any
further order of the court. The clerk shall furnish a
copy of this local rule to counsel or pro se
plaintiffs, together with the summons, and delivery of
this copy by the clerk will constitute the notice
required by Rule 4(m) Federal Rules of Civil
Procedure. Such notice shall constitute the notice
required by Fed. R. Civ. P. 4(m). No further notice
need be given by the court.

### III. DISCUSSION

**A.**  **_Plaintiff's Failure to Effect Timely Service on the United States_**

The threshold question is whether Mr. Martello timely

served the United States.  The government argues that Mr.

Martello failed to serve the United States properly before the

expiration of the 120-day period and I must agree.

Rule 4(i)(2) is clear about how a plaintiff can accomplish

service upon an agency or employee sued in an official capacity.

The plaintiff must, in addition to serving the agency or the

employee, serve the United States by delivering a copy of the

summons and of the complaint: (A) to the United States attorney

for the district in which the action is brought, to their

designated representative, or to the civil-process clerk at the

United States attorney's office; and (B) to the Attorney General

of the United States at Washington, D.C. *See*, *e.g.*, *Gargano* v.

*I.R.S.*, 207 F.R.D. 22, 22-23 (D. Mass. 2002); *Canini* v. *U.S.*

*Dep't. of Justice Fed. Bureau of Prisons*, No. 04 Civ. 9049(CSH),

2008 WL 818696, at *3 (S.D.N.Y. Mar. 26, 2008) (holding that because the United States, not the Federal Bureau of Prisons, was the proper defendant for this action, service upon only the Bureau was not sufficient.)

In the present case, because the plaintiff filed his claims against the BOP, a government agency, and Dr. Sommer, acting in her official capacity at the BOP's Otisville facility, Rule 4(i)(2) required the plaintiff to serve the United States on or before April 3, 2014, when the 120 days period expired.  The plaintiff, however, did not serve the United States Attorney until April 29, 2014.[2]  And he did not serve the Attorney General until March 17, 2015, almost a year after the time period for service expired following the initiation of this litigation.

The plaintiff argues that Fed. R. Civ. P. 4(m) allows him to make service on the United States within 120 days after it was substituted as a party in the suit.  This is a misunderstanding of Rule 4(m). It is true that "an amended complaint that adds defendants to an action must be served upon such defendants 'within 120 days after the amended complaint is filed.'" *Brait Builders Corp.* v. *Mass. Div. of Capital Asset Mgmt.*, 644 F.3d 5, 9 (1st Cir. 2011).  However, a case under the

---

[2] He redundantly served the United States Attorney again on March 12, 2015.

Federal Tort Claims Act does not fall within that category.  The plaintiff here did not *amend* his complaint to add the United States as a new party; instead, the government was *substituted* for the original parties as a matter of law because the exclusive remedy provision under the FTCA, 28 U.S.C. § 2679, renders the United States the proper party to the suit.  This distinction is more than nominal.  Substituting the United States as the proper party under the Federal Tort Claims Act is different from adding a new party to an amended complaint.

First, Fed. R. Civ. P. Rule 4(i) specifically requires that the plaintiff serve the United States even when the lawsuit is initially filed against a federal agency officer or employee acting in an official capacity.  Fed. R. Civ. P. 4(i)(2).  An additional 120-day period after the United States is substituted would undermine this rule.  It would give no incentive for a plaintiff to serve the United States in a timely fashion, since additional time for service of process could be granted when the substitution takes place later.  *See* 28 U.S.C. § 2679(d).  In allowing the substitution of the United States as a party, the FTCA "was not intended to revive the claim of a neglectful plaintiff." *Roman* v. *Townsend*, 224 F.3d 24, 28 (1st Cir. 2000). The United States should already have been served.

Second, unlike the circumstances involved in adding an entirely new party in an amended complaint, there is no need for

an additional 120-day period after the substitution of the United States under the FTCA.  For amended complaints, the principal reason for an additional 120 days to serve process is to avoid a perverse result under the relation-back provisions of Fed. R. Civ. P 15(c).  *See*, *e.g.*, *City of Merced* v. *Fields*, 997 F. Supp. 1326, 1338 (E.D. Cal. 1998) (concluding that absent the additional 120-day period, the relation-back doctrine would be unduly restricted because it would only be of use when the statute of limitations for a party's action expired between the beginning and the end of the 120-day period for service). Because substitution under the FTCA does not pose challenges related to relation back, however, the basic 120 day period is appropriate when, as here, effective notice to the United States was available.  *See generally* Fed. R. Civ. P. 15(c)(2), Advisory Committee Notes, 1966 Amendment (recognizing that substitution of the United States should generally result in relation back under the Federal Rules of Civil Procedure).

I find the time period for service of process on the United States started to run on December 4, 2013 (the initial filing date), not from the date when the United States was substituted as a proper party under Federal Tort Claims Act. Accordingly, I conclude that Mr. Martello failed to effect timely service upon the United States.

**B.   *Discretionary Extension of Time Period for Service on the United States Under the Federal Rules***

Faced with the government's motion to dismiss for inadequacy of service, Mr. Martello requested in his opposition an extension of the time period to make service on the United States to March 13, 2015.  Fed. R. Civ. P. 4(i)(4), Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 6(b) independently give the court discretion to extend the time period for service of process.  However, Rule 4(i)(4) does not apply in the present case because the plaintiff did not serve either the United States Attorney or the Attorney General of the United States before the expiration of the 120-day time period as required by that provision.  Fed. R. Civ. P. 6(b) is also unavailable to plaintiff, *see infra* note 2.  Consequently, I focus instead on Rule 4(m).

In general, if it is established — as it has been here – that proper service of process was not made within the 120-day time period, Fed. R. Civ. P. 4(m) offers two avenues for extending the prescribed time period for the service of a complaint, one mandatory, one discretionary.  *Cf. United States* v. *Tobins*, 483 F. Supp. 2d 68, 77 (D. Mass. 2007) (citing *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)).  If the plaintiff has met his burden of establishing "good cause" for the untimely service, the court must extend the time for service.  *Id.* By

contrast, "[i]f there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id.  See also* Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 Amendment (authorizing relief "even if there is no good cause shown.")

In considering whether good cause exists to justify an extension, courts look at four factors:

> [G]ood cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.

*McIsaac* v. *Ford*, 193 F.Supp.2d 382, 383 (D. Mass. 2002) (quoting 4B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1137, at 342 (2002)).

The plaintiff here does not appear pro se or in forma pauperis.  Nor has he shown diligence in trying to effect service.  He served the United States Attorney's Office twenty-six days after 120-day period expired (Doc. No. 7 and Doc. No. 8), and the Attorney General almost a year thereafter.  There is no indication that these followed previous, unsuccessful attempts at service.  He did not seek enlargement of time period until he was forced to respond the defendant's motion to dismiss for inadequate service.  *See McIsaac*, 193 F.Supp.2d at 383

11

("Last minute attempts at service, absent some explanatory justification, do not establish good cause.")  Moreover, nothing in the record suggests that the United States or another third party has engaged in misleading conduct that caused this delay. *Compare Benjamin* v. *Grosnick*, 999 F.2d 590, 592 (1st Cir. 1993) (good cause shown when plaintiffs relied on deputy sheriff's sworn representations about the return of service.)

The plaintiff suggests that his misunderstanding about the substitution of the United States as the proper party should constitute a good cause for the extension of the time period for service.  That position is not compelling.  Courts should not reward the party's failure to pay attention to rules.  *See*, *e.g.*, *Riverdale Mills Corp.* v. *U.S. Dep't of Transp.*, 225 F.R.D. 393, 395 (2005) ("Neglecting to conduct adequate research and comply with a relatively clear rule (i.e. Rule 4) does not constitute good cause for failing to serve process.")

Finding that Mr. Martello failed to demonstrate good cause for his delay of service upon the United States, I am not obligated to provide an extension, but still may do so.[3]

---

[3] I note Fed. R. Civ. P. 6(b) allows the court to grant a motion for additional time, made after the expiration of a deadline, if the failure to act was the result of "excusable neglect."  But for reasons similar to those regarding good cause under Fed. R. Civ. P. 4(m) analysis, I find no excusable neglect here.  The Supreme Court has developed a four-factor test to determine "excusable neglect": the danger of prejudice to the opposing party; the length of delay and its potential impact on judicial

Specifically, I will consider whether an extension of the time period is appropriate in light of the following factors: actual notice of the lawsuit by the party to be served; the possibility of prejudice to the defendant if the case is preserved; and the

---

proceedings; the reason for the delay, including whether it was within the reasonable control of the moving party; and whether the moving party acted in good faith. *Crevier* v. *Town of Spencer*, Civil Action No. 05-40184-FDS, 2007 WL 120237, at *4 (D. Mass. Jan. 12, 2007) (citing *Pioneer Inv. Serv. Co.* v. *Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

In *Hospital del Maestro* v. *N.L.R.B.*, 263 F.3d (1st Cir. 2001), the First Circuit made clear that courts should focus on the reason for the delay when making determinations under Rule 6(b):

> The four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import. While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry.... [A]t the end of the day, the focus must be upon the nature of the neglect.

*Id.* at 174 (quoting *Lowry* v. *McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)); *see also Dimmitt* v. *Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005) ("[A]mong the factors enumerated in *Pioneer*, by far the most critical is the asserted reason for the mistake.") Subsequent case law has faithfully followed this approach. *See, e.g.*, *Crevier*, Civil Action No. 05-40184-FDS, 2007 WL 120237, at *4 (finding no excusable neglect when the "plaintiff supplied the Court with *no* reason why service was not at least *attempted* within the 120-day window of Rule 4(m), much less why that delay was 'excusable.'")

Mr. Martello has submitted no explanation, other than inattentiveness, for why he failed to effect service upon the United States before the 120-day time period expired on April 3, 2014. Mere failure to follow the rules does not ordinarily constitute excusable neglect. *See Dimmitt*, 407 F.3d at 24 ("[C]ounsels' inattention or carelessness, such as a failure to consult or to abide by an unambiguous court procedural rule, normally does not constitute 'excusable neglect.'") Without good reason for delay, a discretionary extension for Mr. Martello to effect service on the United States would not be proper under Rule 6(b).

potential prejudice to the plaintiff if the case is dismissed. *See Riverdale Mills Corp.*, 225 F.R.D. at 395 (citing *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)).  Each of these three factors weighs in favor of granting an extension.

First, there is no doubt that the United States Attorney's Office received actual notice of the lawsuit when Mr. Martello belatedly effected service on April 29, 2014 (Doc. No. 7 and Doc. No. 8).  Yet it was not until over nine months later that the United States moved to dismiss for inadequacy of service.

Second, nothing in the record reveals any cognizable prejudice from belated formalization of service to the government in defending the present case.  Indeed, the government received actual notice at a relatively early stage, has been defending the case since its notice of appearance on May 14, 2014, and has been engaging in preliminary motion and scheduling practice, all before raising its concerns about service.  I cannot find — and the government could not articulate at its hearing on this motion — any way the government would be prejudiced in defending the case.  *See Riverdale Mills Corp.*, 225 F.R.D. at 395 ("[T]the FAA will not be prejudiced by an extension of the time for service because the FAA has long had notice of this dispute and has had ample time, during several phases of litigation, to anticipate the present appeal and develop a response."); *Tobins*, 483 F. Supp.

2d at 80 (finding that defendant would not be subject to prejudice because he received notice of the action and failed to show any actual harm to his ability to defend the action as a result of the delay in service). *Compare Lezdey*, Civil Action No. 12-11486-RWZ, 2013 WL 704475, at *5 (refusing to extend time for service in part because it was unclear whether the defendant had received actual notice or whether it would suffer prejudice as a result of the extension).

Third, and most importantly, a dismissal of Mr. Martello's suit under Rule 4(m) would as a practical matter be *with* prejudice since the six-month statute of limitations has lapsed. This final point should be given substantial weight in considering an extension under Rule 4(m), because the Rule was specifically contemplated to provide for extensions in such cases. *See* Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . .")

The government, relying on *McIsaac* v. *Ford*, 193 F. Supp. 2d 382 (D. Mass. 2002) argues that the case must be dismissed even though the statute of limitations has run out.  The plaintiff in *McIsaac* filed suit two days before the expiration of the statute of limitations but did not make service upon defendants before the 120-day time period for service ran out.  *McIsaac*, 193 F.

Supp. 2d at 382.  On the last day for service, the plaintiff asked the U.S. Marshal's Office and the Suffolk County Sheriff's Office to make service, but was told that same day service would be impossible.  *Id.* at 383.  At that point, McIsaac did not seek an extension of time for service of process.  *Id.*  Thereafter, Judge Stearns granted defendants' motion to dismiss for insufficient service, *id.* at 384, reasoning that an extension of time, as exceptional relief, is appropriate only when the extension is "sought prior to the expiration of Rule 4(m)'s deadline, or where a pro se litigant can show confusion on his part, either because of his unfamiliarity with the rules, or because of his reliance on the misleading advice of others."  *Id.*  Because McIsaac knew the rules, as demonstrated by his attempts to effect service on the last day, Judge Stearns found that he took the risk of dismissal with prejudice when he waited "until two days before the expiration of the statute of limitations to file his Complaint and then [did] nothing until the last minute to have it served."  *Id.*

With respect, I do not believe a bright-line test, such as that promulgated in *McIsaac*, is warranted for a discretionary extension under Rule 4(m).  Nothing in Fed. R. Civ. P. 4(m) requires that the request for an extension be made before the standard period for service has expired.  Rather, the Advisory Committee Notes recognize the court's discretion to provide

16

relief.  C*revier*, Civil Action No. 05-40184-FDS, 2007 WL 120237, at *5 (finding that *McIsaac* runs counter to the language of the Advisory Committee notes to the 1993 amendment to Rule 4(m) and thus granting extension when statute of limitations on all plaintiff's claims expired and there was little danger of prejudice to the defendant).  Moreover, the purpose of the rules for service is to "supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson* v. *United States*, 517 U.S. 654, 672 (1996).  That purpose appears essentially to have been met in this case.

Given that the United States received actual notice at the outset of this litigation and no potential prejudice against government has been suggested, it is not unfair to grant an extension under Rule 4(m) to Mr. Martello, who, if the case is dismissed, would be completely deprived of the opportunity to seek relief for his alleged injuries.  *See*, *e.g.*, *Tobins*, 483 F. Supp. 2d at 81 (granting extension for service when the statute of limitations has run out on nearly all claims and the defendant, having received actual notice, demonstrated no prejudice in defending the action).  Accordingly, I will exercise my discretion to extend the service date here to March 17, 2015, when the plaintiff finally satisfied the Fed. R. Civ.

17

P. 4(i) protocol for service on the United States by at last
making service on the Attorney General.  *Cf.* Fed. R. Civ. P.
15(c)(2).

## C.   *Effect of Local Rule 4.1*

The United States questions my discretion to extend the
period for service on the basis of Fed. R. Civ. P. 4(m) by
contending that this court's Local Rule 4.1 mandates a dismissal
of the case.  In considering this contention, it will be useful
to restate the precise language of Local Rule 4.1(b).

> (b) Counsel and parties appearing pro se who seek to
> show good cause for the failure to make service within
> the 120 day period prescribed by Fed. R. Civ. P. 4(m)
> shall do so by filing a motion for enlargement of time
> under Fed. R. Civ. P. 6(b), together with a supporting
> affidavit. If on the 14th day following the expiration
> of the 120 day period good cause has not been shown as
> provided herein, the clerk shall forthwith
> automatically enter an order of dismissal for failure
> to effect service of process, without awaiting any
> further order of the court.

The government asserts that the case must be dismissed
under Local Rule 4.1 because Mr. Martello failed to move for an
enlargement of time or show good cause within fourteen days
after the expiration of the 120-day service period.  The
government contends that the word "shall" in Local Rule 4.1(B)
imposes a mandatory, not a discretionary obligation upon the
court.

It is settled that a local rule carries the force of law
within its sphere.  *United States* v. *Lopez-Matias*, 522 F.3d 150,

153 (1st Cir. 2008). But a local rule must be viewed in the context of 28 U.S.C. § 2071(a), which both grants and constrains the rule-making power of the courts by directing that "rules shall be consistent with Acts of Congress and [federal rules of practice, procedure and evidence]." *Id.* (quoting *Air Line Pilots Ass'n* v. *Precision Valley Aviation*, 26 F.3d 220, 224 (1st Cir. 1994)); *see also* Fed. R. Civ. P. 83, Advisory Committee Notes, 1985 Amendment ("Rule 83, which has not been amended since the Federal Rules were promulgated in 1938, permits each district to adopt local rules not inconsistent with the Federal Rules by a majority of the judges.").

The case law is split about whether Local Rule 4.1 should be given controlling force in this context. *Compare Furtado* v. *Napolitano*, No. 09-11030-RGS, 2010 WL 577938, at *3 (D. Mass. Feb. 12, 2010) ("Local Rule 4.1 makes clear that the 120-day service period may not be extended where, as here, a plaintiff fails to make a good cause showing for an extension within ten days of the expiration of the 120-day deadline."), *with Tobins*, 483 F. Supp. 2d at 81 (finding that the government was not required to move for an enlargement of time under Local Rule 4.1 before the court could extend service deadlines). *See also United States* v. *Lezdey*, Civil Action No. 12-11486-RWZ, 2013 WL 704475, at *5 (D. Mass. Feb. 26, 2013) (finding no good cause for insufficient process in part because the plaintiff never

19

sought an enlargement of time under Fed. R. Civ. P. 6(b) as prescribed by Local Rule 4.1); *Boldiga* v. *Federal Bureau of Prisons*, No. 14-12135-MBB, 2015 WL 3505261, at *8 (D. Mass. Jun. 3, 2015) (Local Rule 4.1 "mandates" dismissal if motion to enlarge is not filed).

I decline to make the enforceability of Local Rule 4.1 a categorical imperative, when, as here, it conflicts with a national rule of procedure.  The Local Rule is essentially a housekeeping provision warning parties that clerks are authorized to enter dismissals when the period for service has expired and no extension of time has been afforded.  More specifically, the Local Rule only governs "those who seek to show good cause for the failure to make service within the 120 day period."  My decision does not rest on plaintiff's showing of good cause — indeed, I find he has failed to — but on my discretionary authority to extend the time for service without good cause.  The Local Rule's instructions for how good cause is to be shown do not apply when good cause need not be shown.  Accordingly, I will not dismiss the case simply on the ground that Mr. Martello failed to move for an enlargement of time in the manner required by Local Rule 4.1 when Local Rule 4.1 was not in fact deployed by the clerk to dismiss the case before a request for an extension was made.

**IV. CONCLUSION**

For reasons set forth more fully above, I grant a
discretionary extension of time under Rule 4(m) to Mr. Martello
to effect service upon the United States by March 17, 2015.
Accordingly, the government's motion to dismiss for insufficient
service is DENIED.  It is further noted that Count IV is now
formally dismissed against unnamed government employees.


*/s/ Douglas P. Woodlock_____*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE